### BALL *v.* STATE.[*]

(Division B.  May 7, 1928.)

[116 So. 878.  No. 27149.]

[*]Corpus Juris-Cyc. References: Embezzlement, 20CJ, p. 426, n. 19.

*Goss & Goss,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Reply brief of *Goss & Goss,* for appellant.

PACK, J. Appellant was tried in his absence before a justice of the peace, and was convicted and sentenced. On appeal to the circuit court, his appeal was dismissed with writ of *procedendo*. Upon the attempted execution of this writ, appellant appealed to this court.

- The affidavit upon which appellant was tried was made by B. A. Summer, on November 1, 1926, and reads as follows:

"Personally appeared before me the undersigned justice of the peace in and for justice's district No. 5, of the county and state aforesaid, B. A. Summers, who, being by me duly sworn according to law, says on oath, that on or about the 25th day of September, 1926, in justice district No. 5, of said county and state, Henry Ball did rent from him, affiant, one storage battery, with the understanding then and there that he, said Ball, would return the same not later than October 20, 1926, which he, said Ball, has willfully and unlawfully failed and refused to do after being requested to do so, contrary to the statutes in such cases, made and provided, and against the peace and dignity of the state of Mississippi."

This affidavit seems to have been predicated upon chapter 166, Laws of 1926 (section 1171, Hemingway's 1927 Code), which provides as follows:

"It shall be unlawful for any person to retain in his possession for a longer period than fourteen [14] days, or to recharge, except in cases of emergency, without the consent of the owner thereof, any electric storage battery upon which the word 'rental,' or any letter, word, mark or character is printed, painted, stamped or branded for the purpose of identifying the said electric storage battery as belonging or being the property of another."

The affidavit quoted above, and made by the owner of the battery, affirmatively shows that the appellant was

not required to return the battery before October 20th. He would have to retain the battery for "a longer period than fourteen days" thereafter before such retention would become unlawful under the statute. The affidavit was made, and the prosecution was begun, eleven days after the rental agreement expired.

The prosecution was therefore prematurely instituted. The affidavit was so defective as to charge no offense under the statute.

The judgment will therefore be reversed, and the appellant discharged, without prejudice, against further prosecution.

*Reversed, and appellant discharged.*

---

*Corpus Juris-Cyc. References: Homicide, 30CJ, p. 310, n. 25.